874 F.2d 818
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Larry WEISSMAN, Thomas W. Stevens, Eleutheran Arts Guild,
Inc., a California Nonprofit Public Benefit
Corporation, White Panther Party,
Plaintiffs-Appellants,
v.
Michael RUBENSTEIN, Michael Hennessey, In His Capacity As
Sheriff Of The City and County Of San Francisco,
Defendants-Appellees.
 No. 87-2864.
 United States Court of Appeals, Ninth Circuit.
 Submitted* April 27, 1989.
Decided May 1, 1989.
 Before HUG, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Weissman and Thomas Stevens appeal pro se the district court's grant of Michael Rubenstein's motion to dismiss their 42 U.S.C. Sec. 1983 civil rights complaint against him pursuant to Fed.R.Civ.P. 12(b)(6). We affirm.
 
 
 3
 In October 1977, Michael Rubenstein bought a house at 400-410 Cole St., San Francisco. The house was being occupied by Larry Weissman, Tom Stevens and others. Stevens instituted an adverse possession action against Rubenstein, and lost. Rubenstein then filed and won a lawsuit in California Superior Court against Stevens, Weissman and the others, seeking possession, quiet title and damages. Judgment was entered against Weissman and Stevens in the amount of $128,700. The California Court of Appeal affirmed this judgment and the California Supreme Court denied the petition for review.
 
 
 4
 One week after he was served with Rubenstein's complaint in the abovementioned action, Weissman deeded his property at 439 Cole Street to the Eleutheran Arts Guild (EAG) for $1, thereby rendering himself insolvent. After obtaining judgment in the action for quiet title, Rubenstein filed suit in California Superior Court against Weissman and the EAG seeking to set aside this conveyance as fraudulent. Weissman argued that he held the property in trust and that the transfer had been effected in order to carry out trust purposes. The Superior Court found that no trust existed and ruled in favor of Rubenstein. The California Court of Appeal affirmed and the California Supreme Court denied the petition for review.
 
 
 5
 Weissman and Stevens then filed this Sec. 1983 civil rights action against Rubenstein and Sheriff Hennessey, alleging that the state court decisions in the quiet title and fraudulent conveyance actions were obtained by "dishonest" means and without due process or equal protection of law. The sole relief requested was injunctive relief designed to prevent the Sheriff's Department from carrying out the forced sale of 439 Cole in order to satisfy the judgment entered against Weissman in connection with his occupation of the house at 410 Cole. The district court denied the request for injunctive relief and granted Rubenstein's Fed.R.Civ.P. 12(b)(6) motion to dismiss.
 
 
 6
 Weissman and Stevens contend that this action is a general constitutional challenge to the state court proceedings in their entirety and thus is distinguishable from this court's holding in Worldwide Church of God v. McNair, 805 F.2d 888 (9th Cir.1986). This contention is without merit.
 
 
 7
 Weissman and Stevens correctly point out that although a federal district court may not exercise appellate jurisdiction over the judgment of a state court, a federal district court does have jurisdiction over a "general" constitutional challenge that does not require review of a final state court decision in a particular case. Worldwide Church of God v. McNair, 805 F.2d 888 891 (9th Cir.1986) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 n. 16 (1982)). However, a district court does not have jurisdiction over such general challenges to the extent such claims require scrutiny not only of the challenged rule itself, but the state court's application of the rule. Id. at 892 (no jurisdiction over such "inextricably intertwined" claims). Here, Weissman and Stevens are seeking to have this court award injunctive relief which would effectively overturn two state court judgments, and are contending that the entire California state judicial system is dishonest, offering in support only the verbatim texts of the two California Court of Appeal opinions affirming the judgments below. Because any general constitutional challenges presented to the district court are inextricably intertwined with the state court orders in judicial proceedings awarding title and damages and holding a particular conveyance to be fraudulent, the district court's granting of relief would have been in essence a review of the state court's decisions. This, the district court may not do. See McNair, 805 F.2d at 892-93. Accordingly, the district court properly dismissed the action.
 
 
 8
 On appeal, Rubenstein and Hennessey request attorneys fees and costs. Because we do not believe that this appeal is groundless, we decline to award attorneys fees to appellees. The judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 Weissman and Stevens request oral argument but the panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3